IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff/Respondent, )<br>)<br>v. )<br>)<br>ALFREDO NUNO, )<br>)<br>Defendant/Petitioner. )<br>_____) | (1:08-cr-059-AWI)<br>1:10-cv-02037-AWI<br><br>ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE<br><br>(Doc. 149) |

**INTRODUCTION**

Petitioner Alfredo Nuño ("Petitioner") has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. For reasons discussed below, the motion will be denied.

**FACTUAL AND PROCEDURAL HISTORY**

Petitioner was arrested with three other men in February 2008 after law enforcement executed a search warrant on a residence in Stevinson, Calif., and found a "large scale clandestine methamphetamine laboratory." See Court's Docket, Doc. 114 at 5-6. Petitioner was indicted March 6, 2008, on violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 and 18 U.S.C. § 2. *Id*. Doc. 34-1 at 3. Petitioner pled guilty at a change of plea hearing on November 2, 2009, based on a plea agreement filed October 11, 2009. The plea agreement, made pursuant to

Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, stipulated that Petitioner would not seek a sentence of less than 120 months. *Id*. Doc. 114 at 2. Petitioner also waived his right to appeal the conviction or sentence or to collaterally attack his conviction or sentence in a motion under 28 U.S.C. § 2255. *Id*. Doc. 114 at 4. In exchange, the government promised to recommend a three-level reduction in Petitioner's offense level for acceptance of responsibility and to recommend a sentence at the bottom of the applicable advisory sentencing guideline range. *Id*. Doc. 4 at 4-5.

The court sentenced Petitioner to 262 months imprisonment on February 22, 2010. Petitioner then moved to correct or reduce the sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure, arguing that the sentence was contrary to the plea agreement and that the chief prosecutor's absence at the sentencing hearing deprived the court of information needed to make a correct sentence. *Id*. Doc. 133. The court denied the motion and upheld the sentence on March 29, 2010. Judgment was entered on March 31, 2010.

Petitioner filed a motion requesting court transcripts on September 27, 2010; the motion was denied because Petitioner had not filed a § 2255 motion or fulfilled any other prerequisite for receiving publicly-funded court transcripts. On November 1, 2010, Petitioner filed the instant § 2255 motion to vacate, set aside, or correct his sentence.

The motion challenges Petitioner's conviction and sentence on various legal grounds. These include allegations that the sentence violated Petitioner's Fifth and Sixth Amendment rights, that 21 U.S.C. § 841 is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), that the United States Sentencing Guidelines were applied unreasonably, and that Petitioner's sentence violated the Eighth Amendment prohibition on grossly disproportionate punishment.

**LEGAL STANDARD**

Title 28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence

2

of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... or that the sentence was in excess of the maximum authorized by law ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255.

Courts must "construe pro se habeas filing liberally." *Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003). In determining whether to grant a hearing on a § 2255 motion, "[t]he standard essentially is whether a movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984). Rule 2 of the Rules Governing Habeas Corpus Cases provides that a § 2255 motion "must state the facts supporting each ground." Rule 4 allows the court to summarily dismiss a petition without seeking a reply from the government where "it plainly appears ... that the moving party is not entitled to relief." Allegations may be so conclusory or vague as to warrant summary dismissal for that reason alone. *Blackledge v. Allison*, 431 U.S. 63, 75, 75 n. 7 (1977); *see also Sanders v. United States*, 373 U.S. 1, 19 (1963) (noting that district court had the power to dismiss § 2255 motion "because it stated only bald legal conclusions").

**DISCUSSION**

A term in the plea agreement signed by Petitioner states that "[t]he defendant ... waives his right to challenge his conviction, sentence or the manner in which it was determined in any post-conviction attack, including but not limited to a motion brought under [18 U.S.C. §] 3582, and [28 U.S.C. §§] 2241 or 2255." Such a waiver is generally enforceable if (1) the waiver encompasses the present motion, and (2) the waiver is knowingly and voluntarily made. *United States v. Harris*, 628 F.3d 1203, 1205 (9th Cir. 2011) (quoting *United States v. Charles*, 581 F.3d 927, 931 (9th Cir. 2009)).

The plea agreement, made in compliance with Rule 11 of the Federal Rules of Criminal Procedure and signed by Petitioner, states in the pertinent waiver clause that Petitioner

"knowingly" waived his rights to post-conviction relief, and a clause pertaining to the entire agreement states that "[t]he defendant and his attorney acknowledge that no threats, promises or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce defendant to plead guilty." Court's Docket, Doc. 114 at 4, 9.

Petitioner argues that his waiver of appeal is analogous to the doctrine of procedural default, which forecloses § 2255 claims that could have been raised in earlier proceedings, and that Petitioner should be allowed to overcome the waiver by showing both "cause excusing his procedural default, and actual prejudice resulting from the claim of error" — the standard for overcoming procedural default. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

The requirement that a petitioner allege that a waiver of appeal was made involuntarily or unknowingly is not inconsistent with the standard to overcome a procedural default. But Petitioner makes no factual allegation to suggest either that the plea agreement or waiver was unknowing or involuntary, or that Petitioner has cause to avoid the waiver and was prejudiced by the waiver. Petitioner therefore cannot state a claim under either standard.

Petitioner, continuing his analogy to procedural default, also argues that he should be able to overcome the waiver of appeal by making a claim of actual innocence, as is the case for procedural default. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). A petitioner seeking to demonstrate actual innocence after pleading guilty must show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotation marks omitted).

Petitioner stipulated in his plea agreement to the facts necessary for his conviction. Court's Docket, Doc. 114 at 5-6. Barring a challenge to the validity of the plea agreement, the court has no reason to ignore the plain language of the plea, in which the Petitioner agrees that the government's statement of the facts is true and sufficient for conviction. But the petition is devoid of any factual allegations, let alone any that call into question the validity of the plea agreement; nor does he make any allegation that the facts stipulated in the plea agreement are

4

incorrect.

Petitioner's claims challenge the validity of his sentence; such a challenge is encompassed by Petitioner's plea waiver, which bars a § 2255 motion attacking his "sentence or the manner in which it was determined." Petitioner has made no factual allegation that his plea agreement or the term waiving his right to appeal were not knowingly or voluntarily made, and the court finds no reason not to honor the clear language of the plea agreement, which includes explicit statements that Petitioner understood its terms and the rights he was waiving. Because the waiver encompasses all of Petitioner's claims and because Petitioner offers no allegation to contest that the waiver of appeal was knowingly and voluntarily made, the court will deny Petitioner's § 2255 motion.

Briefly, the court notes that claims attacking the constitutionality of 21 U.S.C. § 841, under which Petitioner was convicted and sentenced, are foreclosed by *United States v. Buckland*, 289 F.3d 558, 562 (9th Cir.) (en banc) (holding that § 841 is not facially unconstitutional), cert. denied, 535 U.S. 1105 (2002). Petitioner's waiver also forecloses any claim of *Apprendi* error that may have applied. *Vargas v. United States*, 2009 U.S. Dist. LEXIS 18299 (E.D. Cal. 2009) (refusing challenge to its dismissal of petitioner's 28 U.S.C. § 2255 claim that his sentence violated *Apprendi* because the petitioner, in his plea agreement, had waived the right to challenge his sentence through a § 2255 motion).

**CONCLUSION AND ORDER**

For the foregoing reasons, Petitioner's motion to set aside, vacate or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED and the Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated:   August 9, 2012

CHIEF UNITED STATES DISTRICT JUDGE

5