1

2

3

4

5

6

7       **IN THE UNITED STATES DISTRICT COURT FOR THE**

8       **EASTERN DISTRICT OF CALIFORNIA**

9

10      **UNITED STATES OF AMERICA,**          )        **(1:08-cr-059-AWI)**
                                                )        **1:10-cv-02037-AWI**
11              **Plaintiff/Respondent**        )
                                                )
12      **v.**                                  )        **ORDER DENYING**
                                                )        **PETITIONER'S MOTION TO**
13      **ALFREDO NUNO,**                       )        **VACATE JUDGMENT**
                                                )        **PURSUANT TO F.R.C.P. 60(b)**
14              **Defendant/Petitioner**        )
                                                )        **ORDER DECLINING TO**
15                                              )        **ISSUE A CERTIFICATE OF**
                                                )        **APPEALABILITY**
16                                              )
                                                )
17                                              )        **(Docs. 157, 159)**
        _____     )

18

19

20      Petitioner Alfredo Nuno ("Petitioner") is a federal prisoner who proceeded pro se with a

21      motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  The Court

22      denied that motion on August 9, 2012.  *See* Court's Docket, Doc. No. 152.  Currently pending

23      before the Court are Petitioner's motions to vacate judgment pursuant to Rule 60(b) of the

24      Federal Rules of Civil Procedure, and for a certificate of appealability.  *See id.*, Doc. Nos. 157,

25      159.

26                              **BACKGROUND**

27      On November 1, 2010, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 to vacate

28      the sentence of 262 months imprisonment that was imposed following Petitioner's plea of guilty

1   to one count of conspiracy to manufacture methamphetamine in violation of 21 U.S.C. §§ 846

2   and 841(a)(1).  The 28 U.S.C. § 2255 petition was based on Petitioner's allegations that the

3   sentence violated his Fifth and Sixth Amendment rights, that 21 U.S.C. § 841 is unconstitutional

4   under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), that the United States

5   Sentencing Guidelines were applied unreasonably, and that Petitioner's sentence violated the

6   Eighth Amendment prohibition on grossly disproportionate punishment.  The Court denied

7   Petitioner's 28 U.S.C. § 2255 petition on the basis that Petitioner failed to allege that his plea

8   agreement waiving his right to appeal was not knowingly or voluntarily made.  Following the

9   Court's denial of that motion, Petitioner filed a notice of appeal in the Ninth Circuit Court of

10  Appeals on September 20, 2012.  *See* Court's Docket, Doc. No. 156.  Petitioner also filed the

11  instant motion for a certificate of appealability.  *Id.* at Doc. No. 157.  On October 2, 2012,

12  Petitioner filed the instant motion to vacate judgment.  *Id.* at Doc. No. 159.  On October 10,

13  2012, the Ninth Circuit issued a letter to Petitioner informing him that a briefing schedule on his

14  notice of appeal will not be set until this Court and, if necessary, the Ninth Circuit determine

15  whether a certificate of appealability should issue.  For the reasons set forth herein, the Court

16  declines to issue a certificate of appealability and denies Petitioner's motion to vacate judgment.

17                                      **LEGAL STANDARD**

18      **A.      Federal Rule of Civil Procedure 60(b)**

19          Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the

20  district court.  This rule permits a district court to relieve a party from a final order or judgment

21  on various grounds, including 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly

22  discovered evidence; 3) fraud or misconduct by an opposing party; 4) a void judgment; 5) a

23  satisfied judgment; or 6) any other reason that justifies relief from the judgment.  *See* Fed. R.

24  Civ. P. 60(b).  Motions to reconsider are committed to the discretion of the trial court.  *Rodgers*

25  *v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc)*; Combs v. Nick  Garin Trucking*, 825 F.2d

26  437, 441 (D.C. Cir. 1987).  To succeed, a party must set forth facts or law of a strongly

27

28                                              2

1   convincing nature to induce the Court to reverse its prior decision.  *See, e.g.*, *Kern-Tulare Water*

2   *Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in*

3   *part on other grounds*, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015, 108 S. Ct.

4   1752, 100 L.Ed.2d 214 (1988).

5        Further, when filing a motion for reconsideration, Local Rule 230(j) requires a party to

6   show "what new or different facts or circumstances are claimed to exist which did not exist or

7   were not shown upon such prior motion, or what other grounds exist for the motion," as well as

8   "why the facts or circumstances were not shown at the time of the prior motion."  *See* L.R.

9   230(j).  A district court may properly deny a motion for reconsideration that simply reiterates an

10  argument already presented by the petitioner.  *Maraziti v. Thorpe*, 52 F.3d 252, 255 (9th Cir.

11  1995).

12       **B.      Certificate of Appealability**

13       The controlling statute provides as follows:

14

15           (a) In a habeas corpus proceeding or a proceeding under section 2255
             before a district judge, the final order shall be subject to review, on
             appeal, by the court of appeals for the circuit in which the proceeding
16           is held.

17

18           (b) There shall be no right of appeal from a final order in a proceeding
             to test the validity of a warrant to remove to another district or place
             for commitment or trial a person charged with a criminal offense
19           against the United States, or to test the validity of such person's
             detention pending removal proceedings.
20

21           (c) (1) Unless a circuit justice or judge issues a certificate of
             appealability, an appeal may not be taken to the court of appeals from—
22

23
             (A) the final order in a habeas corpus proceeding in which the
24           detention complained of arises out of process issued by a State court; or

25
             (B) the final order in a proceeding under section 2255.
26

27           (2) A certificate of appealability may issue under paragraph (1) only if

28                                            3

the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.  The Supreme Court has held that a court should issue a certificate of appealability when the petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 120 S.Ct. 1595, 1603, 146 L.Ed.2d 542 (2000). The requirement that the petitioner seek a certificate of appealability is a gate-keeping mechanism that protects the Court of Appeals from having to devote resources to frivolous issues while at the same time affording petitioners an opportunity to persuade the court that through full briefing and argument the potential merit of claims may appear. *Lambright v. Stewart,* 220 F.3d 1022, 1025 (9th Cir. 2000).

**DISCUSSION**

**A.      Motion for Reconsideration**

Like the section 2255 petition, this motion for reconsideration is devoid of any factual allegations.  Petitioner reiterates the same argument that his conviction and sentence were unconstitutional under *Apprendi v New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L.Ed. 2d 435 (2000).  The Court previously held that this claim is foreclosed by *United States v. Buckland*, 289 F.3d 558, 562 (9th Cir.) (en banc), cert. denied, 535 U.S. 1105, 122 S. Ct. 2314 (2002) ("*Buckland II*"), in which the Ninth Circuit held that 21 U.S.C. § 841 (under which Petitioner was convicted) is not facially unconstitutional.  In *United States v. Buckland,* 259 F.3d 1157 (9th Cir.2001) (*"Buckland I"* ), the Ninth Circuit held that under *Apprendi,* 21 U.S.C. §§ 841(b)(1)(A) and 841(b)(1)(B) were unconstitutional because they allowed the judge, rather than the jury to determine drug quantity and drug type when sentencing, a fact which increased the

4

1  maximum penalty to which a defendant was exposed.  However, in *Buckland II*, an en banc panel

2  of the Ninth Circuit held that § 841 was *not* unconstitutional, and that under the statute drug

3  quantity and type must be charged in the indictment, submitted to the jury, subject to the rules of

4  evidence, and proved beyond a reasonable doubt. *Buckland II,* 289 F.3d at 568.  Because he relies

5  on *Buckland I* and the dissent in *Buckland II,* Petitioner's claims regarding the unconstitutionality

6  of the statutes under which he was convicted and sentenced, given the current state of the law,

7  are unavailing.  Further, Petitioner was convicted and sentenced pursuant to a plea agreement

8  under which he waived the right to challenge his conviction, sentence, and the manner in which it

9  was determined in any post-conviction attack.  *See* Court's Docket, Doc. No. 152.

10  In summary, Petitioner has not alleged any new facts, circumstances of an extraordinary

11  nature, or any other ground that pursuant to Rule 60 would warrant relief from this Court's

12  dismissal of the petition.  Accordingly, the request for reconsideration will be denied.

13
14  **B.     Certificate of Appealability**

15  Petitioner also seeks a certificate of appealability.  Unless a circuit justice or judge issues

16  a certificate of appealability, an appeal may not be taken to the Court of Appeal from the final

17  order in a proceeding under section 2255.  28 U.S.C. § 2253(c)(1)(B).  A certificate of

18  appealability may issue only if the applicant makes a substantial showing of the denial of a

19  constitutional right.  *Id.* at § 2253(c)(2).  Under this standard, a petitioner must show that

20  reasonable jurists could debate whether the petition should have been resolved in a different

21  manner or that the issues presented were adequate to deserve encouragement to proceed further.

22  *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L.Ed.2d 931 (2003) (quoting

23  *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L.Ed.2d 542 (2000)).  A certificate

24  should issue if the Petitioner shows that jurists of reason would find it debatable whether the

25  petition states a valid claim of the denial of a constitutional right and that jurists of reason would

26  find it debatable whether the district court was correct in any procedural ruling.  *Slack,* 529 U.S.

27
28  5

1    at 483-84.

2        In determining this issue, a court conducts an overview of the claims in the section 2255

3    petition, generally assesses their merits, and determines whether the resolution was debatable

4    among jurists of reason or wrong.  *Id.*  It is necessary for an applicant to show more than an

5    absence of frivolity or the existence of mere good faith; however, it is not necessary for an

6    applicant to show that the appeal will succeed.  *See Miller-El*, 537 U.S. at 338.

7        Here, it does not appear that reasonable jurists could debate whether the petition should

8    have been resolved in a different manner.  Petitioner has not made a substantial showing of the

9    denial of a constitutional right.  Accordingly, the Court will decline to issue a certificate of

10   appealability.

11
                              **CONCLUSION AND ORDER**
12

13

14       Accordingly, IT IS HEREBY ORDERED that:

15       1.      Petitioner's motion to vacate judgment is DENIED; and

16
         2.      The Court DECLINES to issue a certificate of appealability.
17

18   IT IS SO ORDERED.

19

20   Dated:    October 25, 2012
                                       _____
                                       CHIEF UNITED STATES DISTRICT JUDGE
21

22

23

24

25

26

27

28                                          6