UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO NUNO,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CASE NO. 1:08-CR-0059 AWI<br>         (1:13-CV-1696 AWI)<br><br>ORDER ON PETITIONER'S MOTION TO VACATE AND ORDER ON MOTION FOR TRANSCRIPTS<br><br>(Crim. Doc. Nos. 164, 165) |

Petitioner Alfredo Nuno challenges his sentence through this motion petition to set aside or vacate under Federal Rule of Civil Procedure 60(b).

On October 11, 2009, Petitioner entered into a plea agreement in which he agreed to plead guilty to violation of 21 U.S.C. §§ 841(a)(1) and 846, conspiracy to manufacture methamphetamine.  See Doc. No. 114.  A change of plea hearing was held on November 2, 2009, at which time the Court accepted Petitioner's guilty plea.  See Doc. No. 12.  On February 22, 2010, the Court sentenced Petitioner to a term of 262 months imprisonment.  See Doc. No. 135.

On February 22, 2010, Petitioner filed a motion to correct or reduce sentence under Federal Rule of Criminal Procedure 35.  See Doc. No. 133.  The Court denied the motion on March 29, 2010, and judgment was subsequently entered on March 31, 2010.  See Doc. Nos. 143, 144.

On November 1, 2010, Petitioner filed a 28 U.S.C. § 2255 motion to vacate.  See Doc. No. 149.  Petitioner alleged that his sentence violated the Fifth and Sixth Amendments, that 21 U.S.C. § 841 is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that the United States Sentencing Guidelines were applied unreasonably, and that Petitioner's sentence violated the Eighth Amendment prohibition on grossly disproportionate punishment.  See id.  On August 9,

2012, the Court denied Petitioner's 28 U.S.C. § 2255 petition because Petitioner had failed to allege that his plea agreement, which contained waiver of the right to appeal or file a § 2255 petition, was not knowingly and voluntarily made. See Doc. No. 152.

On September 17, 2012, Petitioner filed a motion for a certificate of appealability and a notice of appeal to the Ninth Circuit. See Doc. Nos. 153-156.

On October 2, 2012, Petitioner filed a motion to vacate judgment under Rule 60 and another motion for a certificate of appealability. See Doc. No. 159. Petitioner reiterated the same arguments that he made in the November § 2255 petition -- that his conviction and sentence were unconstitutional under *Apprendi v New Jersey*, 530 U.S. 466 (2000). See id. On October 25, 2012, the Court denied Petitioner's Rule 60 motion and declined to issue a certificate of appealability. See Doc. No. 160.

On November 29, 2012, Petitioner filed a motion for a certificate of appealability. See Doc. No. 161. On December 5, 2012, the Court denied the motion. See Doc. No. 162.

On September 5, 2013, the Ninth Circuit declined to issue a certificate of appealibility with respect to Petitioner's September 17, 2012, appeal. See Doc. No. 163.

On October 21, 2013, Petitioner filed this Rule 60(b)(3) motion to vacate, set aside or correct judgment. See Doc. No. 164. Petitioner indicates that his motion is not a successive habeas petition. See id. Petitioner argues that *Alleyne v. United States*, 133 S. Ct. 2151 (2013), is a new procedural law and that the holdings of *Blakely v. Washington*, 542 U.S. 296 (2004) and *Booker v. United States*, 543 U.S. 220 (2005), are retroactive. See id.

On March 19, 2014, Petitioner filed a motion for copies of transcripts and documents. See Doc. No. 165.

*Legal Standard*

"A petitioner is generally limited to one motion under § 2255, and may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011). That section reads:

> A second or successive motion must be certified as provided in [28 USC § 2244] by a panel of the appropriate court of appeals to contain—
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as

2

a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.28 U.S.C. § 2255(h).

To avoid § 2255(h), petitioners will often attempt to characterize their motions in a way that avoids the requirements of § 2255(h).  See Washington, 653 F.3d at 1059.  For example, petitioners sometimes attempt to characterize their motions as brought under Rule 60(b), which allows a party to seek relief from a final judgment and to reopen his case on limited grounds, for example that the judgment was void (under Rule 60(b)(4)) or that extraordinary circumstances support relief.  See id. at 1059-60; United States v. Buenrostro, 638 F.3d 720, 722 (9th Cir. 2011).  "When a Rule 60(b) motion is actually a disguised second or successive § 2255 motion, it must meet the criteria set forth in § 2255(h)."  Washington, 653 F.3d at 1059-60; Buenrostro, 638 F.3d at 722.  Whether a motion is in fact a disguised § 2255 motion is governed by the analysis of *Gonzalez v. Crosby*, 545 U.S. 524 (2005).  See Washington, 653 F.3d at 1062; Buenrostro, 638 F.3d at 722.  Generally, a motion that attacks a defect in the integrity of the federal habeas proceeding is not a disguised § 2255 motion, but may instead be classified as a legitimate Rule 60(b) motion.  See Washington, 653 F.3d at 1059-60; Buenrostro, 638 F.3d at 722.  For example, fraud on the Court is a legitimate Rule 60(b) basis/motion.  See Gonzalez, 545 U.S. at 532 n.5; Washington, 653 F.3d at 1063.  Further, claims that a procedural error prevented a presentation of claims on the merits, such as a ruling that there was a failure to exhaust, or a procedural default, or a statute of limitations bar, properly may be brought in a Rule 60(b) motion.  See Gonzalez, 545 U.S. at 532 n.4; Washington, 653 F.3d at 1063.  However, "if the motion presents a 'claim,' i.e. 'an asserted federal basis for relief from a . . . judgment of conviction,' then it is, in substance, a new request for relief on the merits and should be treated as a disguised § 2255 motion." Washington, 653 F.3d at 1063 (citing Gonzalez, 545 U.S. at 530); see also Buenrostro, 638 F.3d at 722.  Examples of "claims" include:

> a motion asserting "that owing to 'excusable neglect,' the movant's habeas petition had omitted a claim of constitutional error,"; a motion to present "newly discovered evidence" in support of a claim previously denied; a contention "that a subsequent change in substantive law is a 'reason justifying relief' from the previous denial of a claim,"; a motion "that seeks to add a new ground for relief,"; a motion that "attacks the federal court's previous resolution of a claim on the merits,"; a motion that otherwise challenges the federal court's "determination that there exist or do

not exist grounds entitling a petitioner to habeas corpus relief,"; and finally, "an attack based on the movant's own conduct, or his habeas counsel's omissions." Washington, 653 F.3d at 1063 (quoting Gonzalez, 545 U.S. at 530-32). "[I]f a pleading labeled as a Rule 60(b) motion includes such claims, it 'is in substance a successive habeas petition and should be treated accordingly.'" Gonzalez, 545 U.S. at 531; Washington, 653 F.3d at 1063. In essence, where the integrity of the proceedings is not challenged, but the motion "in effect asks for a second chance to have the merits determined favorably, then the motion is raising a 'claim' that takes it outside the purview of Rule 60(b)." Washington, 653 F.3d at 1063. If § 2255(h) applies, but a petitioner has not received permission from the court of appeals to file a successive § 2255 petition, then the district court is without jurisdiction. See id. at 1065.

*Discussion*

Although Petitioner attempts to invoke Rule 60(b)(3), this motion is in fact a disguised successive § 2255 petition. There are no facts alleged in the motion that describe any type of fraud, let alone fraud that would implicate the integrity of the previous habeas proceedings. Instead, Petitioner appears to be attempting to seek relief under *Aleyne*, *Blakely*, and *Booker*. To the extent that Petitioner's citation to and discussion of *Blakely* and *Booker* are a way of rearguing *Apprendi* error, Petitioner previously sought relief under *Apprendi* in his first § 2255 petition and his first Rule 60(b) motion. This is tantamount to challenging the Court's determination that Petitioner was not entitled to habeas relief or an attack on the Court's resolution of the claim on the merits, which constitutes a "claim." See Washington, 653 F.3d at 1063. To the extent that Petitioner is relying on *Blakely* and *Booker* for a different claim of error, then he is adding a new ground for relief, which constitutes a "claim." See id. As for *Alleyne*, it appears that Petitioner's invocation of that case is an argument that there has been a change in the substantive law. Such a contention also constitutes a "claim." See id. Moreover, § 2255(h) itself requires a petitioner to obtain permission from the court of appeals when there is a new, retroactive rule of constitutional law, which appears to be how Petitioner is utilizing *Alleyne*. Because this motion is a successive § 2255 petition, Petitioner was required to follow § 2255(h) and obtain permission from the Ninth Circuit to file this petition. See Washington, 653 F.3d at 1059. Petitioner has not done so. Therefore, this Court is without jurisdiction and must deny the petition. See id. at 1065.

There are additional alternative reasons to deny relief. First, there are no facts averred by Petitioner in the petition, rather there are only generalized discussions of various Supreme Court cases. Without specific facts alleged, no relief is possible. See United States v. Howard, 381 F.3d 873, 877-79 (9th Cir. 2004); United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980). Second, as the Court held in Petitioner's first § 2255 petition, Petitioner signed a plea agreement in which he validly waived his right to file a direct appeal and to file a § 2255 petition attacking either his sentence or conviction. See Doc. Nos. 114, 152. That waiver remains effective. See United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992). Finally, reliance on *Alleyne* is problematic. "Although the Ninth Circuit has not considered whether *Alleyne* applies retroactively to cases on collateral review, several other Circuit Courts of Appeal have determined that *Alleyne* does not apply retroactively." Roueche v. United States, 2014 U.S. Dist. LEXIS 55868, *7-*8 (W.D. Wash. Apr. 21, 2014) (citing In re Kemper, 735 F.3d 211, 212 (5th Cir. 2013); In re Payne, 733 F.3d 1027, 1029-30 (10th Cir. 2013); United States v. Redd, 735 F.3d 88, 91-92 (2d. Cir. 2013); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013); United States v. Stewart, 540 Fed. Appx. 171, 172 n.1 (4th Cir. 2013)).

With respect to the motion for transcripts, there is no valid motion for relief before the Court. Accordingly, Petitioner's request will denied without prejudice. See 28 U.S.C. § 753(f).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion to vacate (Doc. No. 164) and motion for transcripts (Doc. No. 165) are DENIED, and the Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated:   April 23, 2014                                    _____
                                                                   SENIOR DISTRICT JUDGE